885 So.2d 967 (2004)
Jontell B. PRINCE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3701.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
Following an order denying a motion to suppress, Prince entered a plea of nolo contendere without reserving a right to appeal the order. Prince argues that his attorney reserved a right to appeal by comments that were made after the sentence was imposed in the following exchange:
[DEFENSE COUNSEL]: I wanted to put on the record specifically he pled no *968 contest. I'm reserving the right to appeal.
[PROSECUTOR]: Judge, I don't know what your plea form reads as far as waiving the right to appeal.
[DEFENSE COUNSEL]: It wasn't negotiated clearly.
THE COURT: He can always appeal. If I'm right, I'm right. If I'm wrong they'll tell me.
[DEFENSE COUNSEL]: I just have to put it on the record ...
We note that not only was the purported reservation untimely, but the signed plea form, submitted at the time of the plea colloquy, expressly waived his right to appeal.
Absent an express reservation of the right to appeal, a defendant may not appeal from a judgment entered pursuant to a nolo contendere plea. See Leonard v. State, 760 So.2d 114 (Fla.2000); Hampton v. State, 680 So.2d 581 (Fla. 3d DCA 1996).
Rule 9.140(b)(2)(A)(i), Florida Rules of Appellate Procedure, provides that a defendant, who pleads nolo contendere, "may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved."
Prince's plea form provides that he gave up his "right to appeal any harmful error to a higher court." The form does not present any indication to the contrary. Further, the attorney's untimely statement, "I'm reserving the right to appeal," does not identify, with particularity, the point of law reserved for appeal. Additionally, the trial court's response does not indicate whether the court was belatedly accepting the plea with a reservation of the right to appeal.
Moreover, we note that, although Prince's attorney indicated that the motion to suppress was dispositive, his statement "I'm reserving the right to appeal," fails to identify which, of multiple points of law in the motion to suppress, was being reserved, and there is disagreement over whether the motion was dispositive. Fla. R.App. P. 9.140(b)(2); § 924.06(3), Fla. Stat. (2002).
Although we conclude that we lack jurisdiction to resolve the merits of the motion to suppress, we add that, if we were to resolve the issue raised on appeal, we can discern no error or abuse of discretion in the order denying the motion to suppress.
Therefore, the appeal is dismissed.
GUNTHER and TAYLOR, JJ., concur.